RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
SHREVEPORT, LOUISIANA
DATE 08/15/05

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| ANDREW JOSEPH HAMBLIN | CIVIL ACTION NO. 04-1971-P |
| VERSUS | JUDGE HICKS |
| SGT. MAGGIO, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

Andrew Joseph Hamblin ("Plaintiff") filed a civil rights complaint against the Bossier Sheriff's Correctional Facility ("BSCF"), BSCF controlling officers, Sgt. Maggio, Deputy Wise and Deputy J.M. Harris as defendants. Plaintiff, who is currently incarcerated at the Vernon Correctional Facility in Leesville, Louisiana, claims his civil rights were violated by prison officials while incarcerated at the Bossier Sheriff's Correctional Facility in Plain Dealing, Louisiana.

Plaintiff filed a motion for a temporary restraining order and/or preliminary injunction. (Doc. 4). He fears Defendants will verbally intimidate him and physically assault him because he filed this complaint.

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

(b) A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified compliant that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party's attorney can be heard in opposition...

In order to obtain a preliminary injunction, Plaintiff would have to show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury absent an injunction, (3) that the threatened injury would exceed any harm that would flow from the injunction and (4) that the injunction would not undermine the public interest. Walgreen Co. v. Hood, 275 F.3d 475, 477 (5th Cir. 2001).

In the instant case, Plaintiff has failed to meet the requirements set forth above. Plaintiff cannot prove he will suffer irreparable injury if the Court refuses to grant a temporary restraining order and/or preliminary injunction as he is no longer in the custody of Defendants. Thus, his claims are moot.

Accordingly;

**IT IS RECOMMENDED** that the motion for preliminary injunction and/or temporary restraining order (Doc. 4) be **DENIED** as moot.

## Objections

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed.R.Civ.P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 15th day of August 2005.

cc: SMH

MARK L. HORNSBY<br>
UNITED STATES MAGISTRATE JUDGE