UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ANDREW JOSEPH HAMBLIN          CIVIL ACTION NO. 04-1971-P

versus                        JUDGE HICKS

BOSSIER SHERIFF CORRECTIONAL   MAGISTRATE JUDGE HORNSBY
FACILITY, ET AL.

## REPORT AND RECOMMENDATION

### Introduction

Andrew Hamblin ("Plaintiff") is a convicted inmate who is housed at the Bossier Sheriff's Correctional Facility. He filed this civil rights action against the Facility, Sgt. Kent Maggio, Deputy J. M. Harris and Deputy Wise. Only Sgt. Maggio has been properly served. Service was attempted on defendants Harris and Wise. The Marshal's returns indicate that Harris moved to Claiborne Parish and that Wise no longer works at the Bossier facility. Docs. 16 & 17. The court would ordinarily order Plaintiff to provide new address information for the unserved defendants, but that is unnecessary in this case. Sgt. Maggio has filed a Motion to Dismiss and for Summary Judgment (Doc. 23) that, for the reasons that follow, should result in the dismissal of the entire case.

### The Complaint

Plaintiff alleged in his complaint that he was in his bed under the covers at about 8:40 p.m. one evening when Deputy Wise, Deputy J. M. Harris and Sgt. Maggio entered the dorm, told Plaintiff to get up, and walked Plaintiff out of the dorm with his hands behind his back.

Plaintiff alleged that the men took him to isolation cell No. 11, and Deputy Wise threatened to have Plaintiff beaten every day. After that, Sgt. Maggio allegedly sprayed Plaintiff in the eyes with mace, and Deputy Wise tried to get Plaintiff to fight the deputies. Plaintiff alleges that he did not make a move or take his hands from behind his back, yet he was again sprayed in the eyes with mace.

**Summary Judgment Evidence**

Sgt. Maggio has, in his motion and supporting materials, attacked the allegations in the complaint with competent summary judgment evidence in the form of affidavits and prison records. Deputy Matt Harris testifies that he was on duty at approximately 9:00 p.m. on the evening of the event at the center of this case. Harris testifies that inmates are not allowed to be under the bed covers until lights are turned off at 10:30 p.m., but Plaintiff got under the covers before that time and could not be seen or monitored by deputies in the control room. Harris was notified of the situation, and he went to the dorm, removed Plaintiff and escorted him to an individual holding cell (I-11).

Harris testifies that Plaintiff, who did not have his hands restrained behind his back, stopped at the entrance of the holding cell and raised both of his hands to chest level in an aggressive and combative manner, apparently challenging Harris's orders that Plaintiff enter the cell. Harris testifies that he gave multiple orders that Plaintiff lower his hands and step into the cell. Plaintiff refused to comply with the orders, so Harris sprayed Plaintiff with one short burst of Freeze Plus P.

Harris testifies that Plaintiff, after being sprayed, complied with the orders and stepped into the cell, which was equipped with a sink and water supply to wash off the chemical agent. Harris testifies that Plaintiff's physical condition and vital signs were checked and found to be normal. Plaintiff was returned to the general population about fifteen minutes later with no indication that Plaintiff suffered anything other than the normal consequences of a short burst of pepper spray: a burning sensation and runny nose that can be relieved by flushing with water. Plaintiff did not seek or require any related medical treatment.

Harris testifies that the spray was used only after Plaintiff refused to comply with his direct orders and, once the objective of getting Plaintiff into the cell was achieved, neither spray nor any other form of force was used. Harris denies that the spray was used maliciously or sadistically; he testifies that the spray was used in a good faith effort to maintain or restore discipline and order. Doc. 29, pp. 2-3. An incident report and a chemical agent report prepared by Harris at the time of the event are consistent with his affidavit. Sgt. Maggio offers his own affidavit that includes testimony virtually identical to that offered by Harris. Doc. 28-2.

Plaintiff filed an unsworn opposition (Doc. 26) in which he contested some of the assertions made in Maggio's evidence, but Plaintiff did not submit any competent summary judgment evidence of his own. Unsworn memoranda are not competent summary judgment evidence. Larry v. White, 929 F.2d 206, 211 n. 12 (5th Cir. 1991). To be fair, Sgt. Maggio

did not submit supporting affidavits until he filed his reply memorandum. His original motion was accompanied by mere uncertified copies of some prison records. When argument or evidence is submitted for the first time in a reply brief, the court should ordinarily give the nonmovant an adequate opportunity to respond. <u>Vais Arms, Inc. v. Vais</u>, 383 F.3d 287, 292 (5th Cir. 2004). Plaintiff will be permitted, during the objections period that follows this Report and Recommendation, to file any competent summary judgment evidence that he has in response to Maggio's material.

On the current record, Plaintiff's arguments include, for example, that the individual cell at issue was I-11 rather than I-2 as stated in Maggio's original motion. Maggio admitted in his reply brief that the events did happen in I-11 and that the mistake was (1) committed by counsel and (2) not important to the merits. Plaintiff also complains that Sgt. Maggio sprayed him with mace, but affidavits from Maggio and Harris include testimony that Harris sprayed Plaintiff but Maggio did not spray Plaintiff or use any type of physical force on him. Plaintiff also argues that the rule about being beneath the covers was not in force at the time of this incident but, once again, all competent summary judgment evidence is to the contrary.

Plaintiff argues that he was not in the cell for a mere fifteen minutes with available water but was locked in for two hours with the water turned off. He offers no competent summary judgment evidence to support the claim. Plaintiff also challenges the testimony that he did not seek medical treatment. He claims that is a lie and that he tried to get medical help, but the officers refused to allow it. No competent evidence is submitted to support the

claim. Accordingly, the summary judgment record consists of the testimony of Maggio and Harris and the prison reports and medical records attached to them.

**Chemical Spray and the Eighth Amendment**

A convicted inmate's claim of excessive force is governed by the Eighth Amendment. The inmate must establish that the force was not applied in a good faith effort to maintain or restore discipline but was inflicted "maliciously and sadistically to cause harm." Hudson v. McMillian, 112 S.Ct. 995 (1992). This standard applies with equal force to claims that prison officials used a chemical agent on an inmate. See Davis v. Cannon, 91 Fed. Appx. 327 (5th Cir. 2004); Baldwin v. Stalder, 137 F.3d 836, 840-41 (5th Cir. 1998).

The Baldwin decision observed that each decision is judged on its own facts, but there are several non-exclusive factors that should be considered in assessing whether unnecessary and wanton infliction of pain was used in violation of a prisoner's Eighth Amendment right to be free from cruel and unusual punishment. The listed factors were: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. Baldwin, 137 F.3d at 839.

Sgt. Maggio argues that summary judgment is also appropriate because Plaintiff's injuries were *de minimis*. The Supreme Court struck down the Fifth Circuit's requirement of a "significant injury" to prove excessive force under the Eighth Amendment, but the Fifth

Circuit continues to require a plaintiff to have suffered at least "some form of injury." Williams v. Bramer, 180 F.3d 699, 703 (5th Cir. 1999), clarified on rehearing, 186 F.3d 633 (5th Cir. 1999). In determining whether an injury caused by excessive force is more than *de minimis*, the court looks to the *context* in which the force was deployed. Williams, 180 F.3d at 703.

"What constitutes an injury in an excessive force claim is therefore subjective – it is defined entirely by the context in which the injury arises." Id. at 704. For example, the plaintiff in Williams alleged that he received the same physical injury (choking) in two separate encounters. The choking that occurred during an attempted (legal) search of the Plaintiff's mouth was deemed not a cognizable injury, but a second identical choking that was committed in the absence of any valid reason to continue the physical contact was a potential injury that precluded summary judgment. Id.

**Analysis and Conclusion**

The summary judgment evidence is all to the effect that Maggio did not spray Plaintiff with mace or use any other force on him, so Maggio is entitled to summary judgment. Maggio argues, in the alternative, that he would not be liable even if he had been the person who sprayed the mace, so the issue of the constitutionality of that behavior was put squarely at issue in this motion. Rather than put the Marshal to the trouble of tracking down the unserved defendants and awaiting their motions, judicial and other resources will be saved by deciding the issue now. Plaintiff is not prejudiced by this procedure because he was put

on notice by the motion that the legality of the conduct he alleged was at issue, no matter who was personally involved. To the extent it could be argued that the motion was not adequate notice that the claims against the other parties were at stake, Plaintiff also has the objections period that follows this Report and Recommendation to respond to the issue. That opportunity, without doubt, satisfies the ten-day notice requirement of F.R.C.P. 56(c). <u>See Millar v. Houghton</u>, 115 F.3d 348, 350 (5th Cir. 1997) ("Under Fed.R.Civ.P. 56(c) ... a party must be given at least 10 days notice before a court grants summary judgment *sua sponte*.")

The summary judgment evidence, as reported in Deputy Harris's affidavit, depicts a situation in which there was a need for the application of force to maintain and restore order. The force used was less likely to cause injury to the inmate or the deputies than the use of a baton or hand-to-hand physical contact. The resulting harm, a burning sensation that can be relieved by water within several minutes, may support an excessive force claim under appropriate circumstances, but in the context of this case and under the rules of <u>Williams</u>, the harm was *de minimis*. The scenario depicted by the competent summary judgment evidence does not support an Eighth Amendment claim against any named defendant, served or unserved.

Accordingly;

**IT IS RECOMMENDED** that the Motion to Dismiss and for Summary Judgment (Doc. 23) be **GRANTED** and that all claims against Sgt. Kent Maggio be **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that the court *sua sponte* grant summary judgment in favor of the other named defendants and dismiss the entire complaint **WITH PREJUDICE.**

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 15th day of May, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE